## Zell's Appeal.

The mere omission by one whose signature is forged to an instrument for the payment of money, to seek the holder and proclaim the forgery immediately on his discovering it, is not such acquiescence as will estop him from subsequently setting up the forgery as a defence to an action on the instrument, where it is not shown that the holder suffered any detriment by reason of such omission.

April 16th 1883. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

APPEAL from the Common, Pleas of *Montgomery county:* Of July Term 1881, No. 62.

This was an appeal by David Zell from an order of said court, refusing to open a judgment entered against him on a judgment note, for $941.49, to Sarah Burk, dated April 30th 1879, purporting to be signed and sealed by Isaac D. Zell and David Zell, on which judgment was entered by virtue of the warrant of attorney contained therein, to June Term 1881, No. 70.

On May 17th 1881, David Zell presented his petition to said court, setting forth that his real estate had been levied on under an execution issued on said judgment; that his name as it appears on said judgment note was not written by him or by his authority, concurrence or permission, but was fraudulently forged thereon; he therefore prayed that the judgment be opened and he be let into a defense, execution to stay, &c.

A rule was granted, and depositions taken, which tended to show that the signature of the petitioner to said note was forged, under the following circumstances: Isaac Zell, brother of David Zell, owed to one Mrs. Burk the sum of $941.49; on April 28th 1879, he procured David Zell to exchange two promissory notes with him, aggregating said sum, payable one and two years after date. Isaac Zell, having indorsed David Zell's said two promissory notes, offered them on April 30th 1879, in payment of said indebtedness, to Mrs. Burk, who refused to accept them in that form, but she was willing to accept a judgment note. Her agent thereupon filled up the judgment note in suit and gave it to Isaac Zell, who took it home with him, signed his own name and forged his brother's name thereto, and returned it to Mrs. Burk. David Zell knew nothing of this until September 2d 1880, when, as testified to by his sister, Isaac Zell, in conversation with David and herself, said to David : " David, I must confess to you concerning this note. Those two notes which you gave me—when I took them to Mrs. Burk, she was dissatisfied and would not receive them, and I took the two notes and put them into one note and signed your name to it." David Zell, in cross-examination, did not

deny this statement, but said that he did not know what kind of
a note it was that Isaac referred to, until very recently when he
consulted counsel to get the judgment opened; that he did not,
during the conversation referred to, ask Isaac any questions
about it, because he was provoked; he did not see Mrs. Burk
about it, " because he thought there would be honor enough in
them to let a body know; didn't even ask when they would
be due."

The Court, after argument, discharged the rule, Ross,
P. J., saying in an opinion filed:—" It is only because the
court believes that the silence, the passive action (if there be
such class of action) and acquiescence on his part, now con-
clude him from availing himself of the knowledge of the fact,
which knowledge he possessed at a time when its disclosure
might have largely availed the plaintiff.    For this reason, and
this reason only, the court declines to make the rule absolute;
and therefore the rule is dismissed."

David Zell thereupon took this appeal, assigning for error
the order of the court discharging this rule, and refusing to
open the judgment.

*Louis M. Childs* and *Wayne MacVeagh*, for the appel-
lant.—The effect of the decision of the court below is this:
A. having forged B.'s name to a judgment-note and given it to
C., the commission of that crime created a contract relation
between B. and C., involving a duty by B. to denounce the
forgery to C., the omission to do which gave rise to an equit-
able estoppel in pais, by reason whereof, although there was
no relation between B. and C. as to the original indebtedness,
B. finally became the debtor of C. for that indebtedness.    This,
we contend, is neither law, equity nor morals.    The requisites
of estoppel in pais are wholly wanting: Eldred *v.* Hazlett, 33
Pa. St. R. 307; Ormsby v. Ihmsen, 34 Id. 462; Water's Ap-
peal, 35 Id. 523; Washabaugh *v.* Entriken, 36 Id. 513; Ream
*v.* Harnish, 45 Id. 376; Sunderlin *v.* Struthers, 47 Id. 411;
Hill *v.* Epley, 31 P. S. R. 331.    Under the circumstances of
this case no duty was imposed upon the appellant to give
immediate notice of the forgery: Bank *v.* Crafts, 2 Allen 273;
Bank *v.* Haldeman, 1 P. & W. 161; Meley *v.* Collins, 41 Cal.
663; Thorn *v.* Bell, Lalor 430; Corser *v.* Paul, 41 N. H.
24; Hill *v.* Meyers, 43 Pa. St. R. 170; Hill *v.* Canfield, 63
Pa. St. R. 77; Ashton's Appeal, 73 P. S. R. 153; Petrie *v.*
Clark, 11 S. & R. 377; Irwin *v.* Tabb, 14 Id. 419; Kirk-
patrick *v.* Muirhead, 4 Harris 117; Herman on Estoppel §
335; Shisler *v.* Vandike, 11 Nor. 447; McHugh *v.* Schuylkill
Co., 67 Pa. St. 391; Conmey *v.* Macfarlane, 1 Out. 361.

[Zell's Appeal.]

*G. R. Fox*, for appellee.—The proceeding in the court below was, in substance, a bill in equity, in which the complainant, having remained silent when good conscience required him to speak, was without equity, and had no right to relief. By reason of his silence the plaintiff in the judgment rested on her supposed security, which will result in the loss of her whole claim if she cannot recover it against the appellant. He had previously signed bona fide notes for the same amount as the forged note, which he should at least have tendered Mrs. Burk: Simpson's Ex'rs *v.* Bovard, 24 P. F. S. 361; Garrard *v.* Hadden, 17 P. F. S. 82; Keyser *v.* Keen, 5 Har. 327. The authorities cited by the other side are not applicable to this case.

Chief Justice MERCUR delivered the opinion of the court, May 7th 1883.

The learned judge concedes the weight of testimony does establish that the signature purporting to be that of the appellant is forged. There is no evidence that he directed or authorized it to be written. Inasmuch however, as he did not, when first informed of the forgery, forthwith seek the plaintiff in the judgment and proclaim the forgery, the court held this to be such an acquiescence on his part as to estop him from now setting it up. We think the evidence shows no element of an estoppel. He neither said nor did anything to induce her to take the note. He had no knowledge before she took it, that his name purported to be subscribed thereto. It is not shown that she could have protected herself in any manner against loss, had he notified her as soon as he obtained information of the forgery. No law imposed such prompt action on him. The forger died insolvent a few days thereafter. Prompt disclosure would not have availed her. She could not have acquired anything thereafter, and she released nothing. It was clearly error not to open the judgment and permit the appellant to make defence.

Decree reversed at the costs of the appellee : rule made absolute and a procedendo awarded.